IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GARY JOSEPH MARTIN )
)
v. ) No. 3:22-0142
)
CROSSVILLE POLICE DEPARTMENT, *et al.* )

**To:** The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

By Order entered March 2, 2022 (Docket Entry No. 5), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are: (1) the motion to dismiss of Defendant City of Crossville, Tennessee (Docket Entry No. 16); (2) the motion to dismiss of Defendant Cumberland County, Tennessee (Docket Entry No. 18); and, (3) Plaintiff's motion for leave to amend his complaint (Docket Entry No. 25). Each of these motions is opposed. For the reasons set out below, the undersigned respectfully recommends that the motion for leave to amend be denied, that the motions to dismiss be granted, and that this action be dismissed in its entirety.

# I. BACKGROUND

Gary J. Martin ("Plaintiff) is a resident of Crossville, Tennessee. On February 28, 2022, he filed this *pro se* lawsuit seeking damages under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). Plaintiff subsequently amended his complaint to provide more factual details for his claims and to clarify that the defendants are: (1) the City of Crossville, Tennessee ("Crossville"); (2) Cumberland County, Tennessee ("Cumberland County"); and (3) the State of Tennessee. *See* Amended Complaint (Docket Entry No. 11). In lieu of filing answers, Defendants Crossville and Cumberland County filed the pending motions to dismiss. The docket in the case does not reflect that the State of Tennessee has appeared.[1] Entry of scheduling order was postponed pending resolution of the motions to dismiss.

Plaintiff contends that the events giving rise to his claim began "about 4 years ago" and that the State of Tennessee "denied access to Circuit Court [C]umberland County, Harassment, helped to plan and execute an attack against a civilian," that Cumberland County engaged in "harassment, Assault, coercion, threats on life, 911 call tape tampering," and that the City of Crossville engaged in "no/incomplete report, coercion, threats & harassment." *See* Amended Complaint at 4. He contends that his Due Process and Equal Protection rights have been violated by Defendants. *Id.* at 3.

---

[1] Although Plaintiff filed a return of service for the State of Tennessee indicating that the summons was served upon "District Attorney," *see* Docket Entry No. 13 at 7-9, this fails to constitute proper service upon the State of Tennessee in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure or Rule 4.04(6) of the Tennessee Rules of Civil Procedure.

Attached to Plaintiff's amended complaint are six pages detailing events that he contends show a campaign of misconduct and harassment against him by several law enforcement officers and other individuals. *See* Amended Complaint at 7-12. Plaintiff alleges that the officers have routinely followed his car, stalked him, tried to force his car from his lane of traffic, and "cut [him] off." He alleges that they have also taken other more intimidating actions. He alleges that an officer shot him with a "bb gun" as he was driving past the officer's car, that multiple officers were gathered in a store parking lot where he shops and that he was thereafter followed by vehicles with license plates from Ohio, and that an officer came during the night and deflated the tires on the cars of Plaintiff and his neighbor. Plaintiff alleges that he reported these incidents to the Cumberland County District Attorney's Office but never "heard back." He alleges that he was later confronted by two individuals who blocked his vehicle on a public road and threatened to shoot him.[2] He attributes this incident to the report that he filed. He further alleges that when he sought to obtain a report of the 911 call he made after the incident, he was given a worthless written transcript and a recording of the call that he alleges was tampered with by someone. He alleges that he was also involved in an incident on March 31, 2021, in which an unnamed individual threatened him with a gun in or outside a restaurant. He asserts that the police officers who responded to the incident failed to engage in a proper search and investigation of the incident and failed to write a proper report. He attributes these actions to their attempts to "cover up" the incident. Finally, Plaintiff alleges that a clerk in the Circuit Court for Cumberland County failed to properly assist him when he initially attempted to file his *pro se* lawsuit in that court.

---

[2] It appears from the amended complaint that this incident occurred on March 1, 2021.

## II. MOTIONS TO DISMISS

Defendant Crossville first contends that its dismissal is warranted because Plaintiff fails to set out allegations that support a claim of municipal liability against it under Section 1983. *See* Memorandum of Law (Docket Entry No. 17) at 1-5. Crossville argues that Plaintiff's allegations fail to show that a violation of his constitutional rights occurred and, further, that there are no allegations showing that any of the conduct about which Plaintiff complains was attributable to Crossville itself and was undertaken pursuant to a policy or custom of Crossville. *Id.* Crossville further argues that a one-year statute of limitations applies to Plaintiff's Section 1983 claims and that these claims are time-barred because Plaintiff's amended complaint states that the events giving rise to his claims occurred "about 4 years ago." *Id*. at 5. Finally, Crossville contends that it has not been properly served with process. *Id.* at 5-6.

Defendant Cumberland County raises the same statute of limitations and lack of supporting factual allegations arguments for dismissal that are made by Defendant Crossville. *See* Memorandum in Support (Docket Entry No. 19) at 3-5. Cumberland County also argues that, as a municipal government, it is not subject to liability under Section 1983 for punitive damages. *Id*. at 5-6.

In response to the motions to dismiss, Plaintiff has filed both a response in opposition (Docket Entry No. 21) and a motion for leave to file a second amended complaint (Docket Entry No. 25). In his proposed amendment, Plaintiff seeks to add to his case "a violation of my 1st Amendment" based on the events that he has already alleged. Docket Entry No. 25 at 1. Defendants respond to the request for leave to amend by arguing that Plaintiff fails to actually set out a First Amendment claim by his cursory reference to "free speech" and that, regardless, the

proposed amendment would be futile because it fails to cure the deficiencies of Plaintiff's amended complaint with respect to the lack of supporting allegations for a claim of municipal liability against them. *See* Responses in Opposition (Docket Entry Nos. 26 and 27).

In his response in opposition to the motions to dismiss, Plaintiff argues that his allegations clearly show that he was retaliated against in violation of his First Amendment rights after filing a complaint with the District Attorney's office and clearly show that his equal protection rights were violated because laws and procedure were not even-handedly enforced with respect to him. Docket Entry No. 21 at 2-3. He contends that he has alleged enough to survive the motions to dismiss. Plaintiff further asserts that, although he stated in his amended complaint that the events supporting his claims occurred "about 4 years ago," this was intended to convey when the harassing events first began, and the events have continued since that time to the present. *Id*. at 3. Finally, Plaintiff argues that he properly served Defendant Crossville. *Id*.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV. ANALYSIS

Defendants' Rule 12(b)(6) argument that Plaintiff fails to state plausible claims for relief against them is sound and requires that their motions to dismiss be granted. Furthermore, Plaintiff's proposed amended complaint is futile because the proposed amendment would likewise be subject to dismissal for failure to state a plausible claim for relief. Finally, the State of Tennessee must be dismissed from this case, leaving the case to be dismissed in its entirety.

A. Motions to Dismiss

Because the theory of *respondeat superior* does not support a claim of liability under Section 1983, Defendants Crossville and Cumberland County cannot be sued under Section 1983 simply because they employed individuals who are alleged to have acted wrongly. *See Thomas*

*v. City of Chattanooga,* 398 F.3d 426, 432-33 (6th Cir. 2005). It is not enough for Plaintiff to allege that law enforcement officers engaged in improper and potentially unlawful conduct. To state a plausible claim against municipal governments like Crossville or Cumberland County, Plaintiff must allege facts showing that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by Crossville and/or Cumberland County. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689-90 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). At a minimum, Plaintiff must: (1) identify a specific policy or custom; (2) connect the policy or custom to Crossville or Cumberland County; and, (3) show that his particular injury was caused by the execution of that policy or custom. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)

Plaintiff's allegations fail to meet the standard for a municipal liability claim and sufficient allegations cannot be reasonably inferred from the complaint. Even though Plaintiff's *pro se* status requires some leniency by the Court in its review of his allegations, this leniency does not require the Court to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Plaintiff's allegations against the individual law enforcement officers and/or other unnamed individuals are simply not sufficient to support a claim that the two municipal Defendants themselves took acts that directly caused the alleged constitutional violations. Accordingly, Plaintiff fails to state plausible claims for relief against Defendant Crossville and Defendant Cumberland County and the motions to dismiss must be granted on that basis.[3]

---

[3] Defendants are correct that a one-year statute of limitations applies to Plaintiff's Section 1983 claims, *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796

B. Motion to Amend

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires," leave to amend may be denied for an "apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend should be denied if the proposed amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Foman*, *supra*; *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Plaintiff's proposed amendment would not withstand a motion to dismiss and is therefore futile. Even if the Court were to view Plaintiff's initial complaint as asserting a First Amendment claim, his allegations would still fail to support a municipal liability claim against Crossville or Cumberland County. There are simply no factual allegations showing that any action was taken against Plaintiff because of a custom or policy on the part of Crossville of Cumberland County, let alone that any actions were taken by these municipal defendants in a manner than could reasonably be viewed as officially taken for the purpose of retaliating against him.

---

F.2d 879, 883 (6th Cir. 1986), and that any claims based upon events that occurred "about 4 years ago" would be barred. However, Plaintiff clearly alleges in his amended complaint that some of the alleged wrongful conduct occurred in March 2021, within the applicable one year limitations period. Defendants' statute of limitations argument would not therefore require dismissal of the lawsuit.
    Additionally, given the clear basis for dismissal raised by Defendant Crossville's failure to state a claim argument and of the fact that defects in the manner of service are subject to being cure, the Court declines to address Defendant Crossville's argument for dismissal based upon lack of proper service of process.

C. State of Tennessee

Although a summons was issued for the State of Tennessee on June 14, 2022, *see* Docket Entry No. 12, Plaintiff failed to properly serve this Defendant with process, and the State of Tennessee has not appeared in the case. Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date an action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the court "must dismiss" the action without prejudice. Because the State of Tennessee has not been served with process within the time period set out in Rule 4(m), it must be dismissed from the action.[4]

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) Plaintiff's motion for leave to amend his complaint (Docket Entry No. 25) be DENIED;

2) the motion to dismiss of Defendant City of Crossville, Tennessee (Docket Entry No. 16) and the motion to dismiss of Defendant Cumberland County, Tennessee (Docket Entry No. 18) be GRANTED;

---

[4] Even if Plaintiff properly served the State of Tennessee with process, Plaintiff's lawsuit would be readily subject to dismissal against this Defendant. It is well settled that a State is not a "person" against whom a Section 1983 claim for money damages can be pursued. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Further, a claim against a State for monetary damages under 42 U.S.C. § 1983 is barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985); *Holmes v. Tennessee*, 2015 WL 13927114, at *1 (6th Cir. June 1, 2015) ("Tennessee has not waived its sovereign immunity and § 1983 does not override sovereign immunity.").

3) the Defendant State of Tennessee be DISMISSED under Rule 4(m) of the Federal Rules of Civil Procedure because of lack of service of process; and,

4) this action be DISMISSED in its entirety as to all claims and defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

          Respectfully submitted,

          _____
          BARBARA D. HOLMES
          United States Magistrate Judge